**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

TIMOTHY RAMON MOORE,
ADC #89799                                                                                   PLAINTIFF

V.                                     5:11CV00137 JMM/JTR

STUART CAMPBELL,
Chief Operations Officer,
Correctional Medical Services, Inc., et al.                           DEFENDANTS

**ORDER**

**I. Introduction**

Plaintiff, Timothy Ramon Moore, is a prisoner in the Maximum Security Unit ("MSU") of the Arkansas Department of Correction. In this *pro se* § 1983 action, he alleges that several individual Defendants failed to provide him with constitutionally adequate medical care for intraocular pressure and cataracts. *See* docket entry #2. He also contends that Defendant Correctional Medical Services, Inc., ("CMS") had an unconstitutional policy of limiting prisoners to no more than one eye exam every two years. *Id.*

Plaintiff has recently filed a Second Motion to Compel Defendants to respond to his September 2011 Interrogatories and Requests for Production. *See* docket entry #36. Defendants have now filed a Response to that Motion. *See* docket entry #43.

The Court will discuss each challenged discovery request separately.

## II. Discussion

**A.     Interrogatory #1**

In Interrogatory #1, Plaintiff asked Defendants to provide the names of "every CEO, COO, or head executive for CMS, Inc." *See* docket entry #36, Ex. C at 1. Defendants correctly objected to this discovery request as being over broad and seeking irrelevant information. *Id.*

As explained in the December 13, 2011 Recommended Partial Disposition, the relevant inquiries are: (1) whether CMS, in fact, had such a policy of limiting all prisoners to no more than one eye exam every two years; and (2) if so, the names of the *specific* CMS officers or employees who were responsible for enacting, implementing, or enforcing that policy.[1] *See* docket entry #39. Thus, the Motion to Compel is denied as to Interrogatory #1.

**B.     Interrogatory #3**

In Interrogatory #3, Plaintiff asked Defendants to "explain plaintiff's medical condition which surrounds the issues in this complaint." *See* docket entry #36, Ex. C at 1. Defendants responded to this request by providing Plaintiff with access to his

---

[1] Plaintiff has until February 13, 2012 to obtain this information and otherwise *complete* discovery. *See* docket entry #37.

prison medical records. *Id.*

On November 10, 2011, the Court found Defendants' response to be proper. *See* docket entry #31.  Additionally, the Court concluded that Defendants had made adequate arrangements for Plaintiff to review his medical records at the MSU. *Id.* Finally, the Court explained that, if Plaintiff did not receive adequate access to his medical records, he must first attempt to resolve the matter with opposing counsel. Only if he was unable to do so, could Plaintiff then file a Motion to Compel. *Id.* at 2-3 (citing Fed. R. Civ. P. 37(a)(1) and Local Rule 7.2(g)).

In his Second Motion to Compel, Plaintiff argues that he is not being provided with any access to his medical records. *See* docket entry #36.  Despite the clear instructions in the November 10, 2011 Order, Plaintiff has not made any attempts to resolve this matter with opposing counsel.  More importantly, Defendants have provided unrefutted evidence demonstrating that: (1) Plaintiff requested access to his medical records on November 2, December 14, and December 16; and (2) he was allowed to review his medical records at the MSU on November 8 and December 21. *See* docket entry #43, Ex. B.  Accordingly, the Motion to Compel is denied as to Interrogatory #3.

C.  **Interrogatory #4**

In Interrogatory #4, Plaintiff asked Defendants if he "ever received grievance

responses from the infirmary or CMS authorities that provided that there was merit to [his] complaints about his eyes or medical problems in obtaining medical treatment by any CMS authorities." *See* docket entry #35, Ex. C at 2. Defendants responded by explaining that they did not know what grievance responses Plaintiff actually received. *Id.* The also stated that the grievance responses speak for themselves. *Id.*

The Court finds Defendants' response to be proper. Thus, the Motion to Compel is denied as to Interrogatory #4.

**D.    Interrogatory #6**

In Interrogatory #6, Plaintiff asked Defendants to explain whether they were "*obligated* to do a follow-up within two (2) weeks from the surgery that took place on or about Tuesday, June 21, 2011, and if no, why not."[2] *See* docket entry #36, Ex. C at 2 (emphasis added). Defendants responded to this discovery request by explaining that "physicians and mid level providers may utilize their medical judgment in recommending that a follow-up be scheduled and when such should occur, all in conjunction with and coordinating with the outside provider." *Id.* at 3.

---

[2] The Complaint was filed on May 27, 2011. *See* docket entry #2. Neither party has explained: (1) what type of surgery Plaintiff had on June 21, 2011; (2) who performed the surgery; and (3) whether the surgeon recommended that CMS medical personnel perform any follow-up exams.

As medically trained personnel, Defendants are entitled to use their professional judgment when making treatment decisions.[3]  Thus, the Motion to Compel is denied as to Interrogatory #6.

**E.     Interrogatory #7**

In Interrogatory #6, Plaintiff asked Defendants to explain whether he "had to initiate the grievance process because of not receiving the follow-up from the surgery of June 21, 2011." *See* docket entry #36, Ex. C at 3.  Defendants responded by explaining that they "do not know." *Id.*

The ADC, not CMS, makes and enforces the prison grievance procedures. None of the named Defendants are ADC employees. Thus, the Motion to Compel is denied as to Interrogatory #7.

**F.     Interrogatory #8**

In Interrogatory #8, Plaintiff asked Defendants to provide "the whereabouts of each and every named Defendant." *See* docket entry #36, Ex. C at 3.  The Court agrees that Defendants, who have already been served, are not required to provide Plaintiff with that information.

---

[3] Perhaps, Plaintiff should have asked whether the surgeon "recommended" a follow-up appointment within two weeks, and if so, why Defendants decided, in their professional judgment, not to schedule such an appointment.

### III.  Conclusion

IT IS THEREFORE ORDERED THAT Plaintiff's Second Motion to Compel (docket entry #36) is DENIED.

Dated this 12th day of January, 2012.

_____
UNITED STATES MAGISTRATE JUDGE